UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

CIVIL ACTION NO. 12-78-KKC

SHARLENE RUSSO                                                                                    PLAINTIFF


V.                         MEMORANDUM OPINION AND ORDER


COMMISSIONER OF SOCIAL SECURITY                                      DEFENDANT

\* \* \* \* \* \* \* \* \* \* \*

  This matter is before the court upon cross-motions for summary judgment on Sharlene Russo's appeal of the Commissioner's denial of her applications for Disability Insurance Benefits (DIB) and for Supplemental Security Income ("SSI"). For the following reasons, the court remands the instant case pursuant to Sentence Four of 42 U.S.C. § 405(g) for further proceedings.

  At the time of her applications for DIB and SSI, Russo was a 45-year-old female with an eleventh grade education. AR 10-13. She had prior work experience as a cashier, fork-lift driver, and in the food service industry. AR 41. She alleged disability beginning on March 19, 2007, due to rheumatoid arthritis. AR 137. Russo filed her claims for DIB and SSI on December 30, 2009. AR 10. Her claims were denied initially on June 23, 2010, and upon reconsideration on July 8, 2010. AR 34. Both the claimant and an impartial vocational expert testified at a hearing held on March 10, 2011. The claimant is represented by a non-attorney representative. Thereafter, Administrative Law Judge ("ALJ") Ronald Kayser determined that Russo was not disabled. AR 31-43. Under the traditional five-step analysis, *see Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994); *see* 20 C.F.R. § 404.1520 (1982), the ALJ determined that Russo had not engaged in substantial gainful activity since March 19, 2007, the

1

alleged onset date date, AR 37; that she had severe impairment of rheumatoid arthritis and a non-severe impairment of generalized anxiety disorder, *Id*; that her impairment or combination of impairments did not meet or equal one of the listed impairments, AR 39; that she had the residual functional capacity ("RFC") to perform a significant range of light-work with some specified limitations such as the need to alternate between sitting/standing on an hourly basis, AR 39-40; and that based on her RFC she could not return to her previous job as a cashier but that additional jobs existed in the national economy that she could perform such as sales clerk and attendant, AR 42. The ALJ thus denied her claims for DIB and SSI on April 11, 2011. AR 31-43. The Appeals Council denied Russo's request for review on June 6, 2012, AR 1-3, and she commenced this action.

The court also notes a prior request for benefits in 2007. That previous matter was adjudicated by ALJ Traci Hixson who determined that Russo had a severe impairment of rheumatoid arthritis and this impairment limited her to range of light work activity. After a hearing was held in that case, the ALJ determined that Russo was not disabled in a decision dated October 21, 2009. *See* AR 86-96 (Ex. B1A).

Russo raises five challenges to the ALJ's ruling; however, the first challenge is dispositive. The Court agrees with Russo that the ALJ erred by failing to resolve conflicts with the VE's testimony and the Dictionary of Occupational Titles (DOT) in violation of SSR 00-4p. Under the DOT, light-work "requires a good deal of walking or standing." 20 C.F.R. § 404.1567(b). Many occupations could not accommodate Russo's need to alternate between sitting and standing on an hourly basis as the ALJ stated in Russo's RFC. The VE nevertheless testified that Russo could perform certain light occupations, cited specific job index numbers in the DOT, and thus created a conflict with the DOT.

A hearing was held on March 20, 2011, and an impartial vocational expert Betty Hale testified. Prior to eliciting the specific testimony related to jobs that Russo could perform the ALJ asked VE Hale the following questions:

> Q: And you are familiar with the Dictionary of Occupational Titles?
> A: Yes, Sir.
>
> Q: And your testimony will be consistent with the Dictionary of Occupational Titles?
> A: It will.
>
> Q: And if there are any inconsistencies you will point that out?
> A: Yes, Sir.

AR 74-75.

The Commissioner argues that this exchange satisfies the ALJ's burden under SSR 00-4p. ALJs have an affirmative duty to ask VEs if the evidence that they have provided "conflicts with the information provided in the DOT. *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 606 (6th Cir. 2009). Notwithstanding that duty, "[n]othing in SSR 00-4p places an affirmative duty on the ALJ to conduct an independent investigation into the testimony of witnesses to determine if they are correct." *Id.* (citing *Martin v. Comm'r of Soc. Sec.,* 170 Fed. App'x 369, 374 (6th Cir. 2006). Despite the above-referenced testimony exchanged between the ALJ in the instant case with the VE, a conflict was in fact elicited and the ALJ did not ask the VE if her testimony conflicted with the DOT. The Sixth Circuit has noted that "[c]ourts are divided as to whether the failure to inquire into DOT inconsistencies entitles a Plaintiff to relief." *Lancaster v. Comm'r of Soc. Sec.*, 228 Fed. App'x 563, 574 (6th Cir. 2007).

On the specific facts of this case, the court finds this was not harmless error. The error would be harmless if the VE "provided sufficient support for [her] conclusions so as to justify any potential conflicts." *See Massachi v. Astrue*, 486 F.3d 1149, 1154 n 19 (9th Cir. 2007). In

3

this case the ALJ did not explain the conflict. Rather, in his opinion, the ALJ recounts testimony by the VE from the first denial of benefits decision in 2009, rather than relying on testimony from the VE from the March 10, 2011 hearing. The ALJ's opinion states:

> "In response to inquiry by the undersigned, the vocational expert acknowledged that the DOT fails to address or recognize a vocational sit/stand option. The vocational expert addressed this inconsistency by testifying that, based on her experience in the field of vocational rehabilitation in matching disabled workers with specific vocations, she had found that a significant number of jobs in the national economy at the light and sedentary exertional level would accommodate a sit/stand option. Furthermore, the vocational expert testified that such an opinion was based upon years of specific job analysis of various occupations. The vocational expert further testified that the jobs cited herein as examples would accommodate a sit/stand option and that the total numbers available had been reduced to reflect the sit/stand option. Based on this testimony, the undersigned concludes, and so finds, that any inconsistency existing in regards to occupations available to the claimant in the national economy and the DOT description of such jobs has been resolved."

AR 42.

Russo is correct that this testimony by the VE does not actually exist in the second hearing transcript from March 2011, rather it appears the ALJ mistakenly pulled this testimony from the prior decision in 2009. *See* AR 95-96. Contrary to the Commissioner's argument, this is not harmless error because the ALJ did not comply with SSR 00-4p. This regulation states that occupational evidence provided by the VE "generally should be consistent with the occupational information supplied by the DOT," and where there is an unresolved conflict between the evidence and the information in the DOT the ALJ "must elicit a reasonable explanation for that conflict." The ALJ did not ask the VE about the apparent conflict and he did not explain his reasons for relying on the VE testimony in his written opinion, rather he mistakenly relied on testimony from a prior decision.

Because the ALJ's failure to follow SSR 00-4p requires remand, the court need not address Russo's remaining arguments.

Accordingly,

**IT IS ORDERED** that the Commissioner's motion for summary judgment is **DENIED** and the Plaintiff's motion for summary judgment is **GRANTED IN PART**.

**IT IS FURTHER ORDERED** that this matter is **REMANDED** pursuant to sentence four of 42 U.S.C. §405(g) to the Commissioner so that the ALJ may hear further testimony from the VE and comply with SSR 00-4p consistent with this opinion.

A separate Judgment shall issue.

Dated this 22nd day of May, 2013.

Signed By:
*Karen K. Caldwell*
United States District Judge